

FILED
AUG 29 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

*******************************************************************

| | |
|---|---|
| ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC),<br><br>Plaintiff,<br><br>-vs-<br><br>JASON J. MILLER, Individually, and d/b/a JAKE'S PUB AND CASINO,<br><br>Defendant. | CIV 11-1017<br><br>AMENDED[1]<br>OPINION AND ORDER |

*******************************************************************

Plaintiff is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Plaintiff is the owner of the UFC #121 broadcast, the heavyweight championship fight between Brock Lesnar and Cain Velasquez, which aired October 23, 2010, via closed circuit television and encrypted satellite signal (capable of being re-transmitted to cable systems). Plaintiff filed a complaint alleging that defendant aired the UFC #121 broadcast without first obtaining a license from plaintiff. Plaintiff claimed in Count I of the complaint that such unauthorized broadcast violated the Trademark Law Revision Act of 1988, PL 100-667, §205 (Piracy of Satellite Cable Programming), codified in part at 47 U.S.C. § 605. In Count II, plaintiff claimed defendant's actions violated the Cable Communications Policy Act of 1984, which enacted 47 U.S.C. §§ 521-615 as amendments to the Communications act of 1934, PL 98-549, § 2 (Unauthorized Reception of Cable Service), codified in part at 47 U.S.C. § 553. In Count III, plaintiff

---

[1] This order is amended to correct a typographical error in calculating the total damages award.

claimed defendant's actions violated the 1976 revision of the Copyright Law, PL 94-553, § 501 (Copyright Infringement and Remedies), codified in part at 17 U.S.C. § 504.

Plaintiff obtained a default and moved for a default judgment as to liability and damages. Plaintiff established liability for satellite piracy, cable piracy, and copyright infringement by virtue of defendant's default. Plaintiff seeks damages only under the satellite piracy damages provision, 47 U.S.C. § 605. Aggrieved parties may elect under 47 U.S.C. § 605(e)(3)(C)(I) to recover either actual damages or statutory damages. Plaintiff did not allege actual damages and seeks instead statutory damages. Such damages awards are in an amount "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Because such an award of damages is not for a sum certain, a hearing was conducted pursuant to Fed. R. Civ. P. 55(b)(2)(B) to determine a just award of damages.

## I. Statutory Damages.

Damages for defendant's violation of the satellite piracy laws shall be determined by the court as follows:

> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
>> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>>
>> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of **not less than $1,000 or**

> **more than $10,000, as the court considers just**, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
>
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
>
> (iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C. § 605(e)(3)(C).

Plaintiff elected to receive statutory damages. Plaintiff suggests in its brief in support of motion for default judgment that an appropriate amount of damages is $35,000 per defendant. No evidence was received and the Court could find no public records showing Jake's Pub and Casino is a legal entity. If there is no separate legal entity, there is only one defendant in this action.

Plaintiff is seeking the maximum statutory damages of $10,000 plus an additional $25,000 for defendant's willful conduct. I find that the appropriate amount of damages in this case is $20,000.

## II. Costs.

In all civil actions alleging satellite piracy, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff contends in its brief that it is entitled to filing fees and process server costs totaling $378 per defendant and attorney fees of $2501.05 per defendant. Plaintiff is not seeking that "each" defendant pay half the fees

3

incurred. Instead, plaintiff is requesting an award of the total fees incurred against "each" defendant, resulting in a double recovery of the costs and fees incurred herein.

I find that the appropriate amount of costs to be awarded is $350.00 filing fees, $28.80 service fees, and $3940.05 attorneys costs and fees.

Now, therefore,

IT IS ORDERED that judgment shall enter in favor of the plaintiff against the defendant in the amount of $20,000 plus costs in the amount of $378.80 and attorneys fees in the amount of $3,940.05 for a total judgment of $24,318.85.

Dated this 29th day of August, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge